# Taylor *against* Taylor.

° A person in trust for whom a tract of land was conveyed, and who paid a small part of the purchase money, was afterwards present when the property was conveyed by the trustee to another, but made no objection ; it was held, in an action of ejectment by him to whom the trustee conveyed, against one who claimed under the same trust, that such trustee, upon being released by the plaintiff, was a competent witness.

ERROR to the district court of *York* county.

Ejectment. Benjamin and Isaac Taylor against John Taylor.

Peter Dinkle, being seised in fee of the land in dispute, conveyed the same to Jacob Keller: on the same day, Keller executed a bond in the penalty of 400 dollars, conditioned, upon the payment of the money to Dinkle by Benjamin and Joseph Taylor, that he would convey to them. Joseph did then pay 50 dollars of the purchase money, and he and Benjamin, with Keller as their security, gave bonds to Dinkle for the residue. Keller, in order to divest himself of the trust, conveyed to Mills Hays, who afterwards conveyed to Benjamin and Isaac Taylor the plaintiffs, without expressing any trust. Joseph was present when this conveyance was executed, and made no objection to it. The defendant claimed title under the same trust, alleging that the property was purchased by Keller for him. On the trial the deposition of Joseph Taylor was offered in evidence by the plaintiffs, who executed a release to him, to which the defendant objected, but the court (Hays, president) overruled the objection, and the deposition was read. The plaintiffs recovered. The admission of the deposition of Joseph Taylor was the error assigned.

*Lewis*, for plaintiff in error.

*Evans*, for defendant in error.

PER CURIAM.—Benjamin and *Joseph* Taylor purchased the pre-

[Taylor v. Taylor.]

mises from Dinkle and gave bond for the purchase money, 50 dollars of which were actually paid by Joseph. Dinkle conveyed the title to Keller, who gave bond to the purchasers to convey to them on payment being made by them to Dinkle. Keller wishing to leave the country and get rid of the trust, conveyed to Hays on the same trusts, who conveyed, not exactly to the original purchasers, but to Benjamin and *Isaac* Taylor; shortly after which, Joseph who had been present at the conveyance to Isaac, and made no objection to it, delivered up Keller's bond for the title. Now as the legal estate was conveyed away from Joseph, it is evident that unless Isaac received it on a secret trust for Joseph, a recovery in this action would be adverse to his interest. What evidence is there, then, of such a trust? Nothing but the naked fact of payment by Joseph of an insignificant portion of the purchase money as an original party to the contract of purchase. But he may have parted with the beneficial interest; and the presumption from payment, of an abiding interest in him, was rebutted by his acquiescence in the conveyance to another, and by the counter presumption which the law raises in favour of the fairness and honesty of the transaction. But granting that to be otherwise, the presumption is inconclusive, and one of mere fact. The court might have referred it to the jury, had they thought proper to do so; but they had a right to determine it for themselves, and who can say they determined it erroneously? I will not say that this court may not reverse for error of fact in a question of competency, but it will be conceded that it ought not to do so except on the clearest and most satisfactory evidence; and as we are not to reverse in any case for less than palpable error, *à multo fortiori* we ought not to do so in a case like the present.

Judgment affirmed.